UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LEBLANC NUTRITIONS, INC.,

      Plaintiff,      NO. CIV. S-05-0581 FCD JFM

  v.

ADVANCED NUTRA LLC,

      Defendant.      <u>MEMORANDUM AND ORDER</u>

----oo0oo----

    Plaintiff, LeBlanc Nutritions ("plaintiff"), filed a complaint alleging intentional misrepresentation, negligent misrepresentation, negligence, breach of contract, breach of implied warranties, and violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, et seq.  This matter is before the court on motion by defendant, Advanced Nutra LLC ("defendant"), to dismiss the complaint, or, in the alternative, to dismiss Claims One, Two, Three, Five and Six.  For the reasons set forth below, the court grants defendant's motion to dismiss

1

Claim Six based on the FDCA, and denies the motion in all other respects.[1]

**FACTUAL BACKGROUND**

Plaintiff, a Japanese corporation, is an importer, exporter, and purchaser of certain manufactured food additives and cosmetic products. (Pl.'s Compl. ¶ 7.) In late 2004, plaintiff purchased 300 kilograms of a product represented to be Ubidecarenone, an active enzyme, from defendant. (Pl.'s Compl. ¶ 11.) Global Distribution Inc. ("Global") served as plaintiff's broker, facilitating plaintiff's purchase of the product.[2] (Pl.'s Compl. ¶¶ 8, 12.) Defendant required payment of the more than $500,000.00 purchase price prior to delivery. (Pl.'s Compl. ¶¶ 7, 14.)

After receiving full payment, defendant shipped the product from California to plaintiff in Japan. (Pl.'s Compl. ¶¶ 16, 17.) Documentation shipped with the product indicated that the product delivered was ninety-nine percent pure Ubidecarenone. (Pl.'s Compl. ¶¶ 19-21.) Based on this documentation and defendant's representations, plaintiff resold the product as Ubidecarenone to its customers in Japan. (Pl.'s Compl. ¶ 18.) However, according to the complaint, the product defendant delivered to plaintiff was not, in fact, Ubidecarenone. (Pl.'s Compl. ¶ 24.)

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] Pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations from the complaint are taken as true.

1    Plaintiff's customers notified plaintiff that the product
2 was not Ubidecarenone.  (Id.)  They continue to return the
3 product to plaintiff and request information about the identity
4 of the product they purchased and used.  (Pl.'s Compl. ¶ 25.)
5 Plaintiff has in turn requested the information from defendant,
6 who has refused to provide it.  (Pl.'s Compl. ¶ 25.)
7    Plaintiff filed a complaint on March 24, 2005 which alleges
8 claims for: 1) intentional misrepresentation of the product as
9 Ubidecarenone; 2) negligent misrepresentation; 3) negligence in
10 representing, identifying, testing, packaging and handling of the
11 product defendant sold as Ubidecarenone; 4) breach of contract
12 based on defendant providing a product not contracted for in lieu
13 of Ubidecarenone; 5) breach of implied warranties by defendant in
14 providing a product inferior to Ubidecarenone; and 6) violation
15 of the FDCA, based on the misbranding of the product as
16 Ubidecarenone.
17    On April 18, 2005, defendant filed the instant motion to
18 dismiss the complaint in its entirety based on plaintiff's
19 failure to attach specified documents to the complaint and
20 plaintiff's lack of legal standing in California to bring an
21 action.  In the alternative, defendant seeks dismissal of: 1)
22 Claims One, Two, and Three because plaintiff cannot recover in
23 tort for purely economic losses; 2) Claim Five based on the lack
24 of privity to support breach of implied warranty claims; and 3)
25 Claim Six because the FDCA does not create a private right of
26 action.
27 ///
28 ///

**STANDARD**

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6)[3] for: (1) lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. Smilecare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). A complaint will not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim that would entitle him [or her] to relief." Yamaguchi v. Dept. of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997)(quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United

---

[3] Unless otherwise stated, further references to a "Rule" are to the Federal Rules of Civil Procedure.

States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling on a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Fed. R. Evid. 201.  See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**1.   Failure to Attach Documents to the Complaint**

Defendant argues that plaintiff's complaint provides insufficient facts to state a cognizable legal claim because it failed to attach to the complaint copies of, inter alia, the sales documentation, brokerage agreement, and proof of payment.

However, nothing in the Federal Rules of Civil Procedure requires plaintiff to attach any document to the complaint.  To satisfy federal notice pleading, plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6); see Leatherman v. Tarrant County Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (noting that the "liberal system of 'notice pleading' does not require detailed factual pleadings.").  A plaintiff in federal court is not expected to "plead his evidence or specific factual details."  Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986) (internal quotations omitted).  Accordingly, defendant's motion to dismiss for failure to attach documents to the complaint is DENIED.

///

**2.    Lack of Standing Based on Cal. Corp. Code §§ 2105, 2203**

Defendant next contends that plaintiff, as a foreign corporation, does not have standing to maintain this action because it did not obtain a certificate of qualification as required by Cal. Corp. Code §§ 2105 and 2203.

The California Corporations Code restricts foreign corporations from transacting intrastate business without having first obtained a certificate of qualification from the California Secretary of State. Cal. Corp. Code § 2105. To obtain the certificate of qualification, a corporation must identify its state of incorporation, place of business, and principal office within California; designate an agent for service of process; and consent to such service of process. <u>Id.</u> A foreign corporation conducting intrastate business that does not register can be restricted from maintaining any action or proceeding based upon that business. Cal. Corp. Code § 2203(c).[4]

---

[4]   Cal. Corp. Code § 2203(c) provides:

"A foreign corporation ... which transacts intrastate business without complying with Section 2105 shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state, commenced prior to compliance with Section 2105, until it has complied with the provisions thereof and has paid to the Secretary of State a penalty of two hundred fifty dollars ($250) in addition to the fees due for filing the statement and designation required by Section 2105 and has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business.

A defendant who seeks to challenge a plaintiff's standing under Cal. Corp. Code §§ 2105 and 2203 may do so by motion to dismiss for lack of standing.  The defendant, as moving party, bears the burden to prove that: 1) the action arose out of plaintiff's transaction of intrastate business; and 2) the action was commenced prior to plaintiff qualifying to transact intrastate business.  United Sys. of Ark., Inc. v. Stamison, 63 Cal. App. 4th 1001, 1007 (3d Dist. 1998), (following United Med. Mgmt. Ltd. v. Gatto, 49 Cal. App. 4th 1732, 1740 (2d Dist. 1996)); McMillan Process Co. v. Brown, 33 Cal. App. 2d 279, 284 (3d Dist. 1996).  If the defendant prevails in challenging standing, plaintiff's action may be dismissed or stayed pending compliance with Cal. Corp. Code § 2203.  United Med., 49 Cal. App. 4th at 1740.

Defendant has failed to demonstrate that plaintiff was required to comply with Cal. Corp. Code §§ 2105 and 2203 prior to filing its complaint.  Specifically, defendant failed to offer any evidence that plaintiff engaged in intrastate business triggering the obligation to obtain a certificate of qualification in accordance with Cal. Corp. Code § 2105.  For purposes of qualification under that section "'transact[ing] intrastate business' means entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce."  Cal. Corp. Code § 191(a).  Plaintiff's complaint alleges that plaintiff entered into two transactions, *between California and Japan*.  (Pl.'s Compl. ¶¶ 11, 22.)  Courts have found similar transactions were not intrastate for the purposes of Cal. Corp. Code §§ 2105 and 2203.  See Cal. Corp.

7

1  Code § 191(c)(6) ("Soliciting or procuring orders where such
2  orders require acceptance without the state to become contracts
3  does not constitute transacting intrastate business."); Thorner
4  v. Selective Cam Transmission Co., 180 Cal. App. 2d 89 (1st Dist.
5  1960) (finding no intrastate business even when negotiations are
6  carried out within the state by an agent of a foreign
7  corporation, if the final acceptance of the offer is made outside
8  the state).  Accordingly, the court DENIES defendant's motion to
9  dismiss based on plaintiff's lack of standing.

**3.    Restriction on Tort Claims in the Commercial Code**

Plaintiff alleges tort claims for intentional misrepresentation, negligent misrepresentation, and negligence against defendant due to its allegedly false representations that the product supplied was Ubidecarenone.  Defendant contends that plaintiff's tort claims must be dismissed because plaintiff prays for solely economic relief.

As a general rule, solely economic losses are not recoverable in tort.  S.M. Wilson & Co. v. Smith Intl., Inc., 587 F.2d 1363, 1376 (9th Cir. 1978); Seely v. White Motor Co., 63 Cal. 2d 9, 18 (1965).  However, California courts recognize numerous to this general rule.  Aas v. Superior Court, 24 Cal. 4th 627, 643 (2000) (allowing recovery in tort for a contract breach where an independent duty was violated); J'Aire Corp. v. Gregory, 24 Cal. 3d 799 (1979) (allowing recovery for solely economic loss where the risk of harm was foreseeable and where privity was lacking with defendant); Walker v. Signal Co., 84 Cal. App. 3d 982, 994-997 (4th Dist. 1978) (allowing the

8

possibility of recovery in contract cases if defendant fraudulently induced plaintiff to enter into contract).

However, the court does not need to delve into the intricacies and exceptions to tort recovery for pure economic loss, since plaintiff's complaint can be construed to allege more than solely economic damages. The complaint alleges that "[i]n addition, LeBlanc has suffered other damages not yet ascertained." (Pl.'s Compl. §§ 45, 59, 78.) The court can reasonably infer from these averments that plaintiff seeks more than solely economic damages, including possible injury to property, employees, or customers caused by the unidentified product. See Yamaguchi, 109 F.3d at 1480; Retail Clerks, 373 U.S. at 753 (finding reasonable inferences must be given to allegations in complaint).

Additionally, under Rule 8(e)(2), plaintiff is entitled to set forth multiple claims upon which "alternatively or hypothetically" relief could be based. Claims can be pled in the alternative "regardless of the consistency and whether based on legal, equitable or maritime ground." Rule 8(e)(2). "When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." Id.

Here, plaintiff is entitled to plead in the alternative, particularly given defendant's contentions that privity is lacking between plaintiff and defendant. (Mot. to Dismiss 7:3-7). California courts permit negligence claims based on solely economic loss between commercial litigants not in privity when

9

1 the harm to the plaintiff is foreseeable.  Frank M. Booth, Inc.
2 v. Reynolds Metals Co., 754 F. Supp. 1441 (E.D. Cal. 1991); See
3 J'Aire Corp., 24 Cal. 3d at 799.  Thus, if it were determined, as
4 defendant alleges, that there is no basis for contractual relief,
5 plaintiff clearly would be entitled to seek relief in tort.
6     Accordingly, the court DENIES defendant's motion to dismiss
7 Claims One, Two, and Three.

**4.   Lack of Privity**

9     Plaintiff alleges that defendant breached implied warranties
10 of merchantability and fitness by providing a product inferior to
11 Ubidecarenone.  Defendant contends that this claim must be
12 dismissed because there is no privity between plaintiff and
13 defendant.
14     California has adopted the Uniform Commercial Code's implied
15 warranty provisions.  Cal. Com. Code § 2315.  Under these
16 provisions, "[v]ertical privity is a prerequisite in California
17 for recovery on the theory of breach of implied warranties of
18 fitness and merchantability."  U.S. Roofing, Inc. v. Credit
19 Alliance Corp., 228 Cal. App. 3d 1431, 1441 (3d Dist. 1991).
20 Vertical privity generally requires a direct contractual nexus
21 between plaintiff and defendant for a claim of breach of implied
22 warranty to succeed.  Osbourne v. Subaru of America, Inc., 198
23 Cal. App. 3d 646, 656 n.6 (3d Dist. 1988).
24     Here, the complaint sets forth facts sufficient to allege
25 privity.  Specifically, the complaint alleges that "LeBlanc
26 agreed in late 2004 to *purchase from Advanced Nutra* 300 kilograms
27 of Ubidecarenone, an active enzyme, for resale to LeBlanc's

10

customers in Japan." (Pl.'s Compl. ¶ 11 (emphasis added)). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Thus plaintiff's allegations are sufficient to survive a motion to dismiss. Accordingly, the court DENIES defendant's motion to dismiss Claim Five.

**5.   No Private Action under the FDCA**

In Claim Six, plaintiff alleges that defendant violated the FDCA by misbranding the product it represented as Ubidecarenone. Defendant moves to dismiss this claim on the grounds that Congress did not create a private right of action in the FDCA.

The FDCA provides that "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States [or by a state in certain circumstances]" 21 U.S.C. §§ 332(a), 337. "Courts have generally interpreted this provision to mean that no private right of action exists to redress alleged violations to the FDCA." Summit Tech., Inc. v. High-line Med. Instruments Co., 922 F. Supp. 299, 304 (S.D. Cal. 1996); See also In re: Orthopedic Bones Screw Prods. Liab. Litig., 159 F.3d 817, 824 (3d Cir. 1998) ("It is ... well established that Congress has not created an express or implied private cause of action for violation of the FDCA."); PDK Labs., Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997), (holding plaintiff's suit "represents an impermissible attempt to enforce the FDCA through a private right of action"); Gile v. Optical Radiation Corp., 22 F.3d 540, 544 (3d Cir. 1994), cert. denied, 115 S. Ct. 429 (1994) (citing Pac.

1  Trading Co. v. Wilson & Co., 547 F.2d 367, 370 (7th Cir. 1976)
2  ("violations of the FDCA do not create private rights of
3  action")); Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1139 (4th
4  Cir. 1993), cert. denied, 114 S. Ct. 1307 (1994) (same); Ginochio
5  v. Surikos, Inc. 864 F. Supp. 948, 956 (N.D. Cal. 1994) (citing
6  various courts that have held "there is no private cause of
7  action for violation of the [FDCA]"); see also Fielder v. Clark,
8  714 F.2d 77, 79 (9th Cir. 1983) (holding that the court lacked
9  subject matter jurisdiction based on 21 U.S.C. § 337 because a
10 "private party suing in his own name [has] no jurisdiction under
11 the Act").
12      As a private party, plaintiff cannot maintain an action
13 under the FDCA.  Accordingly, the court GRANTS defendant's motion
14 to dismiss Claim Six for violation of the FDCA.

**CONCLUSION**

For the foregoing reasons:

1. Defendant's motion to dismiss Claim Six under Federal Food, Drug and Cosmetic Act is GRANTED.
2. In all other respects defendant's motion to dismiss is DENIED.
3. The parties shall file a joint status conference statement on or before August 1, 2005.

IT IS SO ORDERED

Dated: June 14, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

12